Citation Nr: 1725244 
Decision Date: 06/30/17 Archive Date: 07/10/17

DOCKET NO. 13-23 134 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Phoenix, Arizona


THE ISSUE

Entitlement to dependency and indemnity compensation (DIC) based upon a claim of service connection for the cause of the Veteran's death.


REPRESENTATION

Appellant represented by: Eric A. Gang, Esq.


WITNESS AT HEARING ON APPEAL

The Appellant and her daughter, B.M.



ATTORNEY FOR THE BOARD

S. Owen, Associate Counsel


INTRODUCTION

The Veteran served on active duty from April 1942 to March 1947 and was awarded the Purple Heart. The Veteran died in August 2003. The appellant is his surviving spouse. 

This appeal comes to the Board of Veterans' Appeals (Board) from a July 2012 decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Paul, Minnesota. Jurisdiction has since been transferred to the RO in Phoenix, Arizona. 

In March 2016, the appellant testified before the undersigned Veterans Law Judge (VLJ) at a Travel Board hearing at the RO in Phoenix, Arizona. A copy of the hearing transcript has been associated with the claims file. 

In April 2016, the Board remanded the case for further development of the record, including obtaining outstanding treatment records. There has been substantial compliance with the requested development. Stegall v. West, 11 Vet. App. 268 (1998); see Dyment v. West, 13 Vet. App. 141 (1999).

In January 2004, the Appellant appointed the American Legion service organization to represent her. See January 2004 VA Form 21-22 (Appointment of Veterans Service Organization as Claimant's Representative). Prior to certification to the Board, the Appellant appointed Eric A. Gang, Esq. as her representative. See December 2016 VA Form 21-22a. The Board finds this request was timely and accepts the appointed attorney as the Appellant's representative. 38 C.F.R. § 20.1304 (a), (b) (2016). 

The record does not reflect that the Appellant's representative has been given an opportunity to submit evidence and/or argument in support of the Appellant's claim. The representative must be given that opportunity if and before this claim is returned to the Board.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

This appeal was processed using the Virtual VA and Veterans Benefits Management System (VBMS) paperless claims processing system. Accordingly, any future consideration of this case should take into consideration the existence of this electronic record.


REMAND

The Board sincerely regrets further delay, but a remand is necessary to afford the Appellant due process and to conduct additional development, specifically in order for VA to obtain a medical opinion. 

The record reflects that at the time of his death in August 2003, the Veteran was service-connected for post-traumatic stress syndrome (PTSD) and a left knee disability. The Appellant, at her March 2016 hearing and through a December 2016 appellate brief, contends that the medications prescribed for his service-connected conditions contributed in producing death. The Appellant also contends that the Veteran's stress-related arousal associated with service-connected PTSD contributed to the Veteran's cause of death. 

The Veteran's death certificate states that cause of death was arteriosclerotic cardiovascular disease. The Board notes that a May 1996 medical record reflects that the Veteran had a history of atrial fibrillation. In January 1997, the Veteran reported an increased heart rate and other symptoms associated with his PTSD. 

The Board finds that it is necessary to remand the claim back in order to obtain a VA medical opinion as to whether it is at least as likely as not that the Veteran's PTSD caused or contributed to the Veteran's death, to include whether there is an association between PTSD, arteriosclerotic disease, and premature death. In addition, an opinion is needed as to whether any medications the Veteran took for his service-connected disabilities caused or contributed to his death. 

Accordingly, the case is REMANDED for the following actions:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Obtain a VA medical opinion regarding the etiology of the Veteran's arteriosclerotic cardiovascular disease.

The entire claim file must be reviewed by the examiner and review of the claims file should be reported by the examiner.

The examiner should indicate whether it is at least as likely as not (50 percent or more probability) that the Veteran's service-connected post-traumatic stress syndrome (PTSD) caused or contributed to the Veteran's arteriosclerotic cardiovascular disease, or otherwise caused or contributed to the Veteran's death. The examiner is asked to comment upon the Veteran's report of increased heart rate in response to trauma reminders. 

The examiner should also indicate whether it is at least as likely as not (50 percent or greater probability) that the medications prescribed for the Veteran's service-connected disabilities, to include PTSD and a left knee disability, caused or contributed to the Veteran's arteriosclerotic cardiovascular disease, or otherwise caused or contributed to the Veteran's death. 

The examiner must provide a complete explanation for his or her opinion(s), based on his or her clinical experience, medical expertise, and established medical principles. If any of the above requested opinions cannot be made without resort to speculation, the examiner must state this and specifically explain whether there is any potentially available information that, if obtained, would allow for a non-speculative opinion to be provided.

2. Then, provide the Appellant's representative with an opportunity to complete VA Form 646, Statement of Accredited Representative in Appealed Case, and to submit any additional evidence and/or argument in support of the Appellant's claim on appeal. 

3. After completing the above, and any other development as may be indicated, the Appellant's claim should be readjudicated based on the entirety of the evidence. If the claim remains denied, the Appellant and her representative should be issued a supplemental statement of the case (SSOC). An appropriate period of time should be allowed for response. Thereafter, the case should be returned to the Board for further appellate consideration, if otherwise in order.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
K. PARAKKAL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).